IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LORI Q. BENTON,  )<br> )<br>       Plaintiff,  )<br> )<br>v.    )<br> )<br>MICHAEL B. DONLEY, Secretary,  )<br>Department of Defense,  )<br> )<br>       Defendant.  )<br> ) | CIVIL ACTION NO. 5:13-CV-147 (MTT) |

### ORDER

The Plaintiff has twice been ordered to show cause why her complaint should not be dismissed for failure to properly serve the Defendant. (Docs. 6; 8). Neither of the Plaintiff's responses indicated that she properly served the Defendant or explained her failure to do so. (Docs. 7; 9). In fact, based on the Plaintiff's most recent response, it appears she simply mailed copies of the complaint and requests for waivers of service to her supervisor at Robins Air Force Base and to Robins Air Force Base itself. (Doc. 9). Because the Plaintiff is pro se, the Court gave the Plaintiff a final chance to perfect service and informed her on December 6, 2013, that the complaint would be dismissed if she did not perfect service within 30 days. (Doc. 10). The Court attached Fed. R. Civ. P. 4 to its Order with the section pertaining to serving the United States, its Agencies, Corporations, Officers, or Employees highlighted. More than 30 days have elapsed, and it appears the only action taken by the Plaintiff was to send service papers to the Clerk's office, which deposited the papers in the U.S. Attorney's Office box.

This is not the proper method of service pursuant to Fed. R Civ. P. 4(i), which requires a plaintiff serving an agency or officer of the United States to deliver a copy of the summons and complaint to the United States attorney in the district where the action is brought and to the Attorney General, in addition to serving the agency or officer.  Fed. R. Civ. P. 4(i)(1)-(2).

Pursuant to Rule 4(m), the Court, after notice to the Plaintiff, must dismiss the action without prejudice if the Defendant is not served within 120 days after the complaint is filed, unless the Plaintiff shows good cause for the failure or the Court, in its discretion, extends the time for service without a showing of good cause.  Fed. R. Civ. P. 4(m).  Thus, the Court has discretion to extend the time for service even if a plaintiff has not shown good cause for failing to properly serve the defendant.  *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  In exercising its discretion, the Court must consider whether other circumstances warrant an extension of time based on the facts of the case even if the plaintiff fails to show good cause.  *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).  Advisory Committee Notes to the federal rules provide some guidance as to what factors may be considered, such as the running of the statute of limitations.  Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.

The Plaintiff has failed to properly serve the Defendant and has not shown good cause for this failure in any of her responses.  The Court has already provided the Plaintiff a reasonable time the cure her failure to serve all parties required to be served pursuant to Fed. R. Civ. P. 4(i).  The Court has considered whether any other factors warrant extending the time for service, including the fact dismissal will preclude the

Plaintiff from re-filing within the 90-day period of receiving her right-to-sue letter from the EEOC.  However, the Court declines to extend the time for service.  Despite giving the Plaintiff multiple opportunities to show cause for failure to properly serve the Defendant and providing the Plaintiff with a how-to guide in the form of Rule 4 attached to its December 6th Order, the Plaintiff has not perfected service.  The Court does not believe additional time will yield a different result.  Accordingly, the Plaintiff's complaint is **DISMISSED**.[1]

      **SO ORDERED**, this the 26th day of February, 2014.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[1] While dismissals pursuant to Fed. R. Civ. P. 4(m) are generally without prejudice, the Court notes the practical effect is that the dismissal is with prejudice because the Plaintiff will be time-barred from refiling her action.